THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| **JOSEPH MRAZ** | |
| *Plaintiff*, | Case No: |
| v. | |
| **CLARITY SERVICES, INC.,** | **JURY TRIAL DEMANDED** |
| *Defendant*. | |

## COMPLAINT AND JURY TRIAL DEMAND

COMES NOW the Plaintiff, Joseph Mraz ("Mr. Mraz"), by and through his attorneys, Seraph Legal, P.A., and complains of the Defendant, Clarity Services, Inc. ("Clarity" or "Defendant"), stating as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Mraz against the Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").

## JURISDICTION AND VENUE

2. Jurisdiction arises under the FCRA, 15 U.S.C. § 1681p and 28 U.S.C § 1331.

3. The Defendants are subject to the jurisdiction of this Court pursuant to § 48.193(1)(a)(1), Fla. Stat. and Fed. R. Civ. P. 4(k)

4. Venue is proper in the Middle District of Florida, because the acts complained of were committed and / or caused within Hernando County by the Defendants, which is in the Middle District.

## PARTIES

### Mr. Mraz

5. Mr. Mraz is a natural person residing in the City of Spring Hill, Hernando County, Florida.

6. Mr. Mraz is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7. Clarity is a Delaware corporation, with a principal business address at 475 Anton Boulevard, Costa Mesa, CA 92626.

8. Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Rd., Plantation, FL 33324.

9. Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Mr. Mraz

10. At some point in or prior to 2020, Clarity began maintaining a credit file on Mr. Mraz.

11. Clarity, a CRA, programs its systems to acquire and report as much information as possible, with little regard to the quality of the data, or if the data could even possibly be true.

12. For example, Clarity reported that on May 23, 2022, Mr. Mraz had resided at his address for 72 months. **SEE PLAINTIFF'S EXHIBIT A.**

13. However, more than two years later, on June 25, 2024, Clarity reported Mr. Mraz had lived at his current address for only 60 months. *Id*.

14. Further, on August 17, 2021, Clarity reported that Mr. Mraz resided at his address for 48 months, then, less than one year later, on May 23, 2022, Clarity reported Mr. Mraz had resided at his address for 72 months – information which obviously contradicts itself. *Id*.

15. Clarity reported Mr. Mraz had three different dates of birth, ranging from 1983 to 1993. *Id*.

16. Clarity's system is incapable of doing even the most basic of fact checking or flagging of information which contradicts itself. This is showcased time and again throughout Mr. Mraz's credit file.

17. In the "Employer Address" section of Clarity's file on Mr. Mraz, Clarity reported that the address of Mr. Mraz' employer is "123 Main Street Spring Hill, FL." *Id*.

18. In the alternate, "123 Main St." is a placeholder value utilized by data brokers who sell leads to Clarity's deep-subprime clientele, which then gets parroted to Clarity, who incorporates this information into consumer files without question, despite receiving tens of thousands of reports each month with "123 Main St." listed as consumer's employment address [1].

19. Clarity further reported an Employer Address of "NULL NULL NULL" which is another placeholder value. *Id*.

20. Clarity reported that Mr. Mraz had two different driver's license numbers; Mr. Mraz has only ever had a single Florida Driver's license. *Id*.

21. Clarity reported two separate licenses ending in -2110. *Id*.

22. Even though Mr. Mraz never requested, this Clarity has redacted all but the last four digits of each driver's license number from Mr. Mraz disclosure; nothing in the FCRA permits Clarity to redact this type of information.

23. The fact it did redact the driver's license information tends to establish Clarity questioned if the information did belong to Mr. Mraz.

24. On information and belief, many of the reports sold by Clarity included the full, unredacted driver's license number.

---

[1] A review of more than 100 unrelated consumer disclosures from Clarity show this exact error is present in roughly 23% of them.

Page **4** of **31**

25. Thus, while Clarity was willing to provide this information to its customers paying for Mr. Mraz' credit report, it was unwilling to disclose to him the data in his own report.

26. Clarity reported eight times between March 8, 2022 and June 25, 2024 that Mr. Mraz had a "0" month length of employment. *Id*.

27. None of Clarity's eight instances of reporting this data are accurate.

28. Clarity also reported contradictory data about Mr. Mraz' length of employment.

29. On April 1, 2023 at 2:23:51 am, Clarity reported Mr. Mraz had worked for his employer for 120 months, but at 2:24:21 am the same day, Clarity reported Mr. Mraz had been at his job for 60 months with his current employer. *Id*.

30. On April 7, 2023 at 10:02:22 am, Clarity reported Mr. Mraz had worked for his employer for nine months, but at 10:02:26 am the same day, Clarity reported Mr. Mraz had been at his job for 21 months with his current employer. *Id*.

31. This totals four utterly different pieces of contradictory information all being reported within the same day, in two separate instances, differentiated by less than a two-minute span.

32. Clarity then reported on December 8, 2021 at 9:49:47 pm that Mr. Mraz had a net monthly income of $1,470, an amount which would equate to sub-minimum wage. *Id*.

33. Most of the lenders Clarity sells reports to examine the employment history and income data thoroughly, since most lenders obtaining reports from Clarity are doing so to verify the applicant has steady income and employment history.

34. Thus, Clarity's inclusion of demonstrably false information about Mr. Mraz' income and length of employment had significant negative repercussions on Mr. Mraz ability to be approved for new credit.

35. Clarity's systems are literally *programmed to insert false information* into consumer credit files in many instances, such as the above, despite the FCRA's mandate to utilize procedures designed to ensure maximum possible accuracy of information.

36. On or around March 3, 2025, Mr. Mraz disputed the accuracy of Clarity reporting he lived at his address for zero months; employer address as "123 Main St" and "NULL NULL NULL." **SEE PLAINTIFF'S EXHIBIT C**.

37. Mr. Mraz further disputed Clarity's reporting of his income as $1,470 per month to as much as $12,083, in addition to a reported pay frequency of "nothing" and an account tradeline reported by NetCredit, which claimed he had a charged-off account from it. *Id*.

38. The FCRA required Clarity to conduct a reasonable investigation of Mr. Mraz's dispute and to begin within five business days of receipt, and finish within 30 days. 15 U.S.C. § 1681i.

39. Clarity failed to make a reasonable investigation as it made no investigation whatsoever.

40. Clarity thus willfully failed to comply with the FCRA as it was aware of its obligation to investigate consumer disputes but chose not to.

41. Clarity, a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, operates in stark contrast to its parent company.

42. While Experian enforces Metro 2 guidelines – industry standards which contain hundreds of pages of explanation on how to report information, covering almost any conceivable scenario, and which is used by other large CRAs and serves as a *lingua franca* – Clarity requires no such compliance with Metro 2 guidelines and has no discernable quality-assurance standards.

43. Further, as the vast majority of Clarity's furnishers of data obtain its information from secondhand, thirdhand (or worse) sources, as few credit applications are initiated directly with them and are instead obtained by purchasing consumer data from various lead generators and brokers. These lead generators and brokers often themselves purchased the data from another broker.

44. For example, the deep subprime lender Credit Fresh reported to Clarity in 2024 that Mr. Mraz's employer address was NULL NULL NULL; simultaneously, it reported he had a net monthly income of $12,083 or more than $144,000 a year, two pieces of information which are demonstrably untrue.

45. It is almost a virtual certainty that Credit Fresh obtained this information from a broker or lead generator, resulting in information formatted for one data management system being transferred to another, creating a large amount of errors in the process. Credit Fresh then parroted this information to Clarity.

46. Despite the obvious and numerous logical inconsistencies and the abundantly-clear issues with the quality of the data, Clarity incorporated the information from Credit Fresh without question.

47. Records from Clarity show it sold at least 75 reports regarding Mr. Mraz in the past two years.

48. Each of these reports contained false and preposterous information about Mr. Mraz's employment history, employer address, income, date of birth, and more.

49. The FCRA is clear in its requirement that Clarity, as a CRA, is required to prepare accurate reports:

> Accuracy of Report. Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. *15 U.S.C. §1681e(b).*

50. Clarity was required to follow reasonable procedures to assure maximum possible accuracy of the information concerning Mr. Mraz.

51. Clarity was thus aware that when it sold reports on Mr. Mraz in the last two years that, under a best-case scenario, it was selling data and other information it knew it had gathered without regard to accuracy or completeness.

**Clarity Fails to Meaningfully Disclose Legally-Required Information**

52. On March 1, 2025, Mr. Mraz requested his Clarity consumer credit disclosure.

53. Upon receipt of Mr. Mraz's request, Clarity was required to "clearly and accurately" disclose all information in Mr. Mraz's file at the time of his request, including identification of *each* person, including an end user if the report was obtained by a reseller, who obtains a consumer report from Clarity within the prior year *for any purpose*. See 15 U.S.C. § 1681g(a)(3)(A)(ii).

54. "Identification" is defined in the FCRA as "the name of the person or, if applicable, the trade name (written in full) under which such person conducts business." 15 U.S.C. § 1681g(a)(3)(B)(i).

55. Frequently, Clarity fails to even come close to fulfilling its legal obligations to disclose this data, often disclosing multiple entities in one inquiry confusing the consumer as to who is actually inquiring about their credit.

56. For example, Clarity's disclosure shows an inquiry made on July 8, 2024 as such:

| | | | |
|---|---|---|---|
| 7/8/2024 12:27:04 pm EDT 2hva1db8tq | Credit Application | Online Installment Loan | AvailBlue/Infinity/Insight/MRC Consulting |

**SEE PLAINTIFF'S EXHIBIT B.**

57. Clarity disclosed what appears to be four end users concerning a single inquiry; moreover, "AvailBlue/Infinity/Insight/MRC Consulting" is not the name of any creditor readily ascertainable to a reasonable person. No phone number or address(es) are provided by Clarity. This labeling does not clearly identify what entity made the inquiry as is required by law. ***Id.***

58. Clarity has been sued numerous times in the past for failing to disclose the names of persons obtaining credit reports as required by law.

59. The failure of a person to provide accurate and truthful information as required by law creates an injury-in-fact, thus creating standing pursuant to Article III. *See*, *e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363 (1982), holding "alleged injury to (plaintiff's) statutorily created right to truthful housing information" was a cognizable injury in and of itself, regardless of whether the plaintiff actually hoped to reside in the defendant's housing complex; therefore "the Art. III requirement of injury in fact [was] satisfied.

60. Further, the lack of accurate, full disclosure of who had obtained his credit report caused Mr. Mraz great frustration and emotional distress and made him concerned he was the victim of fraud or identity theft.

61. Clarity has been failing to provide the legally-required trade names of persons obtaining credit reports, written in full, for at least 10 years, and often substitutes impossible-to-understand shorthand instead.

62. Clarity thus failed to use reasonable procedures when preparing the credit reports sold to each lender.

63. Clarity therefore failed to use reasonable procedures when preparing a consumer disclosure to provide to Mr. Mraz upon his request.

64. As a result of the Clarity's actions, Mr. Mraz has suffered damages, including wasted time trying to figure out what the information in his Clarity file

means and how it got there, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation, and damage to his reputation.

65. Mr. Mraz has hired the undersigned law firm to represent him in this matter and has assigned the firm his right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF THE
## FCRA, 15 U.S.C. § 1681e(b)

66. Mr. Mraz adopts and incorporates Paragraphs 1 – 65 as if fully restated herein.

67. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Mraz when Clarity sold consumer reports containing erroneous information about his length of residence, date of birth, employer address, income, driver's license, and more.

68. Clarity has been sued on numerous occasions for very similar situations and knows that it frequently sells reports with erroneous information about consumers, sold consumer reports containing erroneous information about his income, length of residence, employment information, driver's license(s), and more.

69. Clarity's conduct was thus willful or done with a reckless disregard for Mr. Mraz's rights under the FCRA.

70. As a result of its conduct, Clarity is liable to Mr. Mraz pursuant to the FCRA for the greater of Mr. Mraz's actual damages or statutory damages of up to

$1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Mraz respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Mraz's actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

71. Mr. Mraz adopts and incorporates Paragraphs 1 – 65 as if fully restated herein, and pleads this count strictly in the alternative to Count I.

72. Clarity violated **15 U.S.C. § 1681e(b)** when it failed to follow reasonable procedures to assure maximum possible accuracy of the consumer reports sold regarding Mr. Mraz when Clarity sold consumer reports containing erroneous information about his income, length of residence, employment information, and more.

73. Clarity owed Mr. Mraz a legal duty to utilize reasonable procedures to assure the maximum possible accuracy of its consumer reports regarding Mr. Mraz.

74. Clarity breached this duty when it sold consumer reports containing erroneous information about consumers' employer address, employer, income, and more.

75. Clarity thus acted negligently, and Mr. Mraz is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Mraz respectfully requests this Honorable Court enter judgment against Clarity for:

a. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and

c. Such other relief that this Court deems just and proper.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)

76. Mr. Mraz adopts and incorporates Paragraphs 1 – 65 as if fully restated herein.

77. Clarity violated **15 U.S.C. § 1681g(a)(3)(A)(ii)** when it failed to identify each person, including the end-user, when applicable, that procured Mr. Mraz's consumer report during the one-year period preceding the date on which the request was made. As described in the foregoing, more than a dozen inquiries were disclosed with false, made-up, and/or non-existent information, and/or utilized incomprehensible shorthand, and fell far short of being "written in full" as required.

78. Clarity's conduct was thus willful and intentional, or alternately, was done with a reckless disregard for its duties under the FCRA.

79. Clarity is therefore liable, pursuant to 15 U.S.C. § 1681n, for the greater of Mr. Mraz's actual damages and statutory damages not to exceed $1,000 *for each violation*, punitive damages, reasonable attorneys' fees, and costs.

**WHEREFORE,** Mr. Mraz respectfully requests this Honorable Court to enter judgment against Clarity for:

a. The greater of statutory damages of $1,000 per incident and Mr. Mraz's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and,

d. Such other relief that this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681g(a)(3)(A)(ii)
**(Plead in the alternative to Count III)**

80. Mr. Mraz adopts and incorporates Paragraphs 1 – 65 as if fully restated herein, and pleads this count strictly in the alternative to Count III.

81. Clarity violated 15 U.S.C. § 1681g(a)(3)(A)(ii) when it failed to identify each person, including the end-user, when applicable, that procured Mr. Mraz's consumer report during the one-year period preceding the date on which the request was made. As described in the foregoing, more than a dozen inquiries were disclosed

with false, made-up, and/or non-existent information, and/or utilized incomprehensible shorthand, and fell far short of being "written in full" as required.

82. Clarity's conduct was negligent and could easily be foreseen to cause harm to Mr. Mraz and did cause harm to Mr. Mraz.

83. Clarity's conduct was negligent, and Clarity is therefore liable, pursuant to 15 U.S.C. § 1681o, for Mr. Mraz' actual damages.

**WHEREFORE**, Mr. Mraz respectfully requests this Honorable Court to enter judgment against Clarity for:

a. Mr. Mraz's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

### COUNT V
### CLARITY'S WILLFUL VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)

84. Mr. Mraz adopts and incorporates Paragraphs 1 – 65 as if fully restated herein.

85. Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into a dispute of the NetCredit tradeline by Mr. Mraz, since it failed to conduct any investigation, instead failed to respond to the dispute at all.

86. Clarity's conduct was a result of its regular policies and procedures, which frequently result in it not conducting any investigation, and on some occasions

claiming it "can't identify" what the consumer is disputing, even when it is abundantly clear, as in the instant matter.

87. Clarity's conduct was thus willful and intentional, or, alternatively, was done with a reckless disregard for its duties under the FCRA to make reasonable investigations, and its policies could reasonably be foreseen to cause harm to Mr. Mraz.

88. Accordingly, pursuant to 15 U.S.C. § 1681n, Clarity is liable to Mr. Mraz for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorney's fees, and costs.

**WHEREFORE**, Mr. Mraz respectfully requests this Honorable Court to enter judgment against Clarity for:

a. The greater of statutory damages of $1,000 per incident or Mr. Mraz's actual damages, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d. Such other relief that this Court deems just and proper.

### COUNT VI
### CLARITY'S NEGLIGENT VIOLATIONS OF THE FCRA, 15 U.S.C. § 1681i(a)(1)(A)
(Pled in the alternative to Count V)

89. Mr. Mraz adopts and incorporates Paragraphs 1 – 65 as if fully stated herein and strictly pled in the alternative to Count V.

90. Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into a dispute of the NetCredit tradeline by Mr. Mraz, since it failed to conduct any investigation and instead failed to respond to the dispute at all.

91. Clarity owed Mr. Mraz a legal duty to conduct a reasonable investigation into his disputes.

92. Clarity breached this duty when it refused to make any investigation.

93. Clarity's conduct was thus negligent, and as a result, pursuant to 15 U.S.C. § 1681o, Clarity is liable to Mr. Mraz for his actual damages, as well as his reasonable attorney's fees, and costs.

**WHEREFORE**, Mr. Mraz respectfully requests this Honorable Court to enter judgment against Clarity for:

a. Mr. Mraz's actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c. Such other relief that this Court deems just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted on March 24, 2025, by:

**SERAPH LEGAL, P.A.**

/s/ *Christian Cok*
Christian E. Cok, Esq.
Florida Bar Number: 1032167
CCok@seraphlegal.com

2124 W Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230
Fax: 855-500-0705
*Counsel for Plaintiff*

**ATTACHED EXHIBIT LIST**
A    Mr. Mraz's Clarity Disclosure, March 1, 2025, Length of Residence, Date of Birth, Employer Address, Income, Driver's License – Excerpts
B    Mr. Mraz's Clarity Disclosure, March 1, 2025, Inquiries – Excerpt
C    Mr. Mraz's Dispute to Clarity – March 3, 2025